# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE M. DOROTIK,<br><br>            Petitioner,<br><br>vs.<br><br>DAWN DAVIDSON, Warden<br><br>           Respondent. | Case No. 07cv1007 J (POR)<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY;**<br><br>**(2) GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS.** |

Petitioner Jane M. Dorotik, a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") with this Court pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] Pursuant to 28 U.S.C. § 636(b)(1) and CivLR HC.2 of this District, the Honorable Louisa S. Porter, United States Magistrate Judge, submitted a report and recommendation ("R&R") recommending that this Court deny the Petition. [Doc. No. 20.] Petitioner timely filed Objections to the Report. [Doc. No. 29.] This Court subsequently overruled Petitioner's objections, adopted the Report, and denied the Petition ("Denial"). [Doc. No. 30.] Petitioner now seeks a certificate of appealability ("Application") pursuant to 28 U.S.C. § 2253 and Federal Rule of Appellate Procedure 22(b) [s*ee* doc. no. 33] and moves for Leave to Appeal in Forma Pauperis ("IFP") [doc. no. 34].

## *Legal Standard*

A state prisoner may not appeal the denial of a § 2254 habeas petition unless she obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A). In

deciding whether to grant a certificate of appealability, a court must either indicate the specific issues supporting a certificate or state reasons a certificate is not warranted. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) a court could resolve the issues in a different manner, or (3) the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (internal citations omitted). A petitioner does not need to show that he "should prevail on the merits. He has already failed in that endeavor." *Lambright*, 220 F.3d at 1025 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Court has a duty to construe the pleadings liberally and must afford the plaintiff the benefit of any doubt where the plaintiff appears pro se. *See Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

*Analysis*

In her Application, Petitioner raises the following issues: (1) "whether the state court's resolution of Petitioner's claim for ineffective assistance of counsel, including failure to investigate, was the product of an unreasonable application or contrary to U.S. Supreme Court precedent"; (2) "whether the state court acted with an unreasonable application or contrary to U.S. Supreme Court authority by denying Petitioner's claim that she was denied the right to present a defense by not allowing a key witness to provide her information to the jury and by denying DNA testing"; and (3) "whether the state court acted with an unreasonable application or contrary to U.S. Supreme Court authority by denying Petitioner's right to overcome a procedural default based on delayed discovery and actual innocence." (Application at 2.)

**I. Ineffective Assistance of Counsel**

Petitioner claims that she is entitled to a certificate of appealability on the grounds that defense counsel's assistance was constitutionally substandard. (Application at 5.) Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To make out a claim of ineffective assistance of counsel under *Strickland*, Petitioner must show

(1) "that counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Id.* The court need not address both the performance prong and the prejudice prong if the petitioner fails to make a sufficient showing of either. *Strickland*, 466 U.S. at 700. The *Strickland* test applies in full force in federal collateral proceedings. *Id.* at 697.

The first prong of the *Strickland* test for deficiency of counsel requires a plaintiff to demonstrate that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." *Id.* at 688. Furthermore, judicial scrutiny of counsel must be highly deferential because of the risk that the benefit of hindsight would make the counsel's performance seem unreasonable. *Id.* at 689.

The second prong of the *Strickland* test requires that any deficiency of counsel also be prejudicial. *Id.* at 692. Therefore, even if a defendant is able to show that counsel acted unreasonably, he still must show that counsel's actions had an adverse effect on the outcome. *Id.* at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner argues that her Sixth Amendment right to receive effective assistance of counsel was violated in that counsel failed to: (1) make a sufficient investigation before pursuing the flawed theory that Petitioner's daughter was the killer; (2) strenuously challenge the prosecution's theory of time of death; (3) provide meaningful adversarial analysis by presenting independent forensic evidence at trial; (4) prepare and call Petitioner as a witness; (5) demonstrate that Petitioner was physically incapable of committing the murder as theorized by the prosecution; (6) object or move for a mistrial when a police detective testified that he believed that Petitioner was the murderer; (7) obtain DNA testing on several items of physical evidence; (8) present alternate scenarios consistent with the physical evidence; (9) provide innocent explanations for the apparently incriminating evidence; (10) present evidence that the police focused on Petitioner from the beginning of the investigation and failed to follow other

leads which would have led them to the real killer; and (11) make good on promises to the jury regarding what the evidence would show, refrain from admitting to the jury that Petitioner was guilty, and refrain from stating that counsel personally did not believe in the evidence he presented at trial. (Application at 5-14; Denial at 8-9; Petition at 16-46.) Petitioner fails to make a substantial showing of the denial of a constitutional right by ineffective assistance of counsel, as interpreted through *Strickland,* with respect to all allegations enumerated in said claim.

**A. Deficiency of Counsel**

Petitioner fails to show that counsel's representation was deficient under *Strickland*. First, counsel is strongly "presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Therefore, this Court must begin its analysis on the presumption that counsel acted reasonably with regard to the enumerated allegations.

When determining whether counsel's assistance is deficient, the Court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Here, the circumstances support the presumption that defense counsel made reasonable strategic decisions with regard to his handling of expert testimony and forensic evidence. Forensic evidence found in Petitioner's bedroom showed an impact spatter of the victim's blood; bloodstains consistent with the victim's blood were found in the bed of a truck used at the ranch; and Petitioner's fingerprint was found in the victim's blood on a syringe found in the bathroom. (*See* Denial at 9–13.) This and other voluminous evidence against Petitioner made it objectively reasonable for counsel to believe that acquiring any additional forensic testing or testimony could be harmful to the defense. *See Strickland*, 466 U.S. at 691 ("[W]hen a defendant has given counsel reason to believe that the investigations would be fruitless or even harmful, counsel's investigations may not later be challenged as unreasonable.").

While another defense attorney might have performed differently with regard to the handling of the investigation, witness testimony, forensic evidence, and trial conduct, this alone does not establish counsel's deficiency. *See Strickland*, 466 U.S. at 689-690 ("There are

countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.") (internal citations omitted). Counsel was not required to raise every argument available, *see Boag v. Raines*, 769 F.2d 1341 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance."), and contrary to Petitioner's allegations the record suggests that counsel's representation was objectively reasonable. *See, e.g.,* Denial at 18, 22 (showing that counsel retained defense expert Dr. Curran, provided him with information about Petitioner's medical history, and obtained information from co-counsel's discussion with him, and further that counsel retained tire expert Lisa DiMaio and presented evidence at trial of a tire mark found near the victim's body that supported the defense theory that Leonel Morales murdered the decedent).

Finally, Petitioner's arguments with respect to counsel's deficiency and prejudice are largely based on speculation and generally unsupported by either law or the record. Such hindsight speculation cannot raise an issue debatable among jurists of reason that counsel's assistance was constitutionally deficient nor that her defense was prejudiced. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Simmons v. Gramley*, 915 F.2d 1128, 1134 (7th Cir. 1990) ("[C]ursory allegations that are purely speculative cannot support a claim of lack of competence of counsel.").

Petitioner fails to show an issue debatable among jurists of reason that counsel's conduct with regard to the enumerated allegations rose to the level of constitutionally deficient assistance established by *Strickland* or its progeny. *See, e.g., Williams v. Taylor*, 529 U.S. 362, 395-96, 368-69 (2000) (finding counsel's assistance deficient when he failed to prepare for sentencing until a week beforehand, made a mistake of law that prevented his use of extensive records that could have benefitted the defense, and spent the weight of his closing argument telling the jury that it was difficult to find reasons why they should spare his client's life). Therefore, the Court **FINDS** that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to this claim.

## B. Prejudice to Defense

Petitioner has not made a substantial showing that counsel's assistance prejudiced her

1  defense. As alluded to in the Deficiency of Counsel section, *supra*, there was a considerable
2  amount of forensic and testimonial evidence weighing against Petitioner at trial, not the least of
3  which was Petitioner's fingerprint in the victim's blood and the testimony of Petitioner's two sons
4  contradicting her assertion that she was physically incapable of moving the body. [Denial at 9-
5  13, 18.]   Assuming counsel had done what Petitioner suggests he should have, there is no
6  reasonable probability that the jury would have changed their verdict in light of the voluminous
7  evidence against her. Petitioner offers only speculation to show that the alternative measures she
8  suggests would have affected the jury, and this speculation is insufficient to make a showing of
9  prejudice under *Strickland*. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *Blackledge v.*
10 *Allison*, 431 U.S. 63, 74 (1977); *see also Simmons v. Gramley*, 915 F.2d 1128, 1134 (7th Cir.
11 1990).

12 While a different course of action by counsel might arguably have had some effect on the
13 jury, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on
14 the outcome of the proceeding. Virtually every act or omission of counsel would meet that test
15 . . . ." *Strickland*, U.S. at 693 (internal citations omitted).

16  Petitioner has failed to show an issue debatable among jurists of reason that there is a
17 reasonable probability that, but for counsel's alleged unprofessional errors, the result of the
18 proceeding would have been different. Therefore, the Court **FINDS** that Petitioner has not made
19 a substantial showing of the denial of a constitutional right with respect to this claim and **DOES**
20 **NOT CERTIFY** this claim for appeal.

21 **II.** *Brady* **Violations, DNA, and Witness Newton**

22 The due process clause requires the prosecution to disclose to the defense any evidence
23 that is material either to guilt or to punishment. *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987);
24 *United States v. Bagley*, 473 U.S. 667, 674 (1985); *United States v. Valenzuela-Bernal*, 458 U.S.
25 858, 873 (1982); *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence is material "if there is
26 a reasonable probability that, had the evidence been disclosed to the defense, the result of the
27 proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433 (1995) (quoting
28 *United States v. Bagley*, 473 U.S. at 682 (opinion of Blackmun, J.)); *Pennsylvania v. Ritchie*, 480

U.S. at 57; *see also United States v. Valenzuela-Bernal*, 458 U.S. at 868. "A 'reasonable probability of a different result is . . . shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Kyles v. Whitley*, 514 U.S. at 434 (quoting *United States v. Bagley*, 473 U.S. at 678).

Petitioner raises the following issues in the second claim of her Application: "whether the court acted contrary to or applied an unreasonable application of U.S. Supreme Court authority by denying Petitioners [sic] claim that she was denied the right to present a defense by the cumulative effect of the *Brady* violation, by not allowing the jury to hear information from a key witness, and by not allowing DNA testing of the murder weapon and other evidence." (Application at 15).[1/]

**A.  DNA Testing**

Petitioner claims that her due process rights and rights under California Penal Code §1404-1405 were violated because the prosecution failed to have DNA testing performed on a piece of rope alleged to be a murder weapon. (Application at 15.)

In the Denial, the Court found that the prosecution's decision not to conduct further DNA testing did not constitute a *Brady* violation. (Denial at 33.)  The Court opined that Petitioner failed to establish "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different" (*See* Denial at 33 (quoting *Kyles*, 514 U.S. at 433-34) (internal quotations omitted).)

Petitioner fails to make a substantial showing that the prosecution's decision not to conduct further DNA testing amounted to a denial of a constitutional right under *Brady*. First, Petitioner does not explain why DNA evidence recovered from the rope would have had any exculpatory or impeaching value; at best, Petitioner offers only speculation as to why the rope tends to show her innocence.  Petitioner's mere speculation does not create a substantial showing of a reasonable probability that, had the rope been disclosed to the defense, the result of the proceeding would have been different.

Therefore, the Court **FINDS** that Petitioner has not made a substantial showing of the

---

[1/] For purposes of organization and clarity, these issues will be addressed in reverse order.

denial of a constitutional right with respect to this claim and **DOES NOT CERTIFY** this claim for appeal.

### B. Witness Newton

Petitioner claims that her constitutional rights were violated because the prosecution failed to disclose or delayed disclosing the identity of witness Singh, which ultimately led to the jury's inability to hear information from witness Newton.[2] (Application at 15.) However, neither Newton's testimony nor the collective testimony of all four witnesses would create an issue debatable among jurists of reason that there was a reasonable probability of a different result, especially considering the significant amount of evidence against Petitioner that could not be effectively disputed by the witnesses' testimony. Here the evidentiary suppression does not undermine confidence in the trial. Therefore, the Court **FINDS** that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to this claim and **DOES NOT CERTIFY** this claim for appeal.

### C. Cumulative Effect

Petitioner argues that the Court erred in not considering the cumulative effect of the *Brady* violations. In her Petition, Petitioner claimed that her due process rights were violated when the state: (1) failed to provide and caused delay in providing police interviews of witness Singh which deprived and delayed the defense from pursuing a favorable investigation; (2) failed to notify defense of evidence that tended to impeach the reliability of state's expert witness by showing the expert had made error in other cases and had employed faulty methodology; and (3) denied Petitioner's motion for a new trial, which resulted in excluding from the jury the testimony of witness Newton. (Petition at 46.) Petitioner additionally argued that defense counsel's insufficiency amounted to a *Brady* violation. (*See* Traverse at 22.)

Under *Kyles*, evidence suppressed must be "considered collectively, not item by item." *Kyles*, 514 U.S. at 437. Petitioner fails to establish that the cumulative effect of the *Brady*

---

[2] The "key" witness alluded to is presumed to be Newton, as Singh was presented to the jury. *See* Traverse at 22 ("Witness Newton's testimony was not heard by the jury and this is clearly prejudicial. Witness Newton corroborated witness Singh's testimony . . . .").

1  violations shows a reasonable probability that, had the net evidence been provided, the result of
2  the proceedings would have been different.  Therefore, the Court **FINDS** that Petitioner has not
3  made a substantial showing of the denial of a constitutional right with respect to this claim and
4  **DOES NOT CERTIFY** this claim for appeal.

5  **III.  Procedural Default**

6  Petitioner seeks a COA on the following two *Brady* claims: (1) the prosecution withheld
7  information regarding witness Singh which was favorable to the defense; and (2) the court
8  improperly denied Petitioner's motion for a new trial.  (*See* Denial at 28.)  The Court found that
9  adequate and independent state procedural grounds barred it from addressing the merits of the
10 aforementioned two claims.  (*See* Denial at 28-29 (citing *In re Clark*, 5 Cal. 4th 750, 766-67 (Cal.
11 1993) and quoting *Ex parte Dixon*, 41 Cal. 2d 756, 759 (Cal. 1953).)  The Court concluded that
12 Petitioner failed to establish the cause or prejudice necessary to excuse the default, or otherwise
13 show that a fundamental miscarriage of justice would result from the court's refusal to hear the
14 claim.  (Denial at 30-32.)

15 When the district court denies a claim on procedural grounds rather than reaching the
16 merits of the constitutional claim, this Court should issue a certificate of appealability if the
17 petitioner meets two components.  *See Slack*, 529 U.S. at 484-85.  First, the petitioner must show
18 "that jurists of reason would find it debatable whether the petition states a valid claim of the
19 denial of a constitutional right."  *Id.* at 484. Second, the petitioner must show "that jurists of
20 reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.
21 As both of these components are necessary to obtain a COA, this court may resolve either issue
22 first.  *See id.* at 485; *Petrocelli v. Angelone*, 248 F.3d 877, 884 & n.6 (9th Cir. 2001).

23 Petitioner fails to satisfy *Slack*'s two-prong test.  First, Petitioner fails to explain why
24 jurists of reason would find it debatable whether the Court erred in its procedural ruling.  A
25 review of the record shows that the Court correctly found that state procedural rules barred it
26 from reviewing the case absent a showing of cause and prejudice or Petitioner otherwise showing
27 that a fundamental miscarriage of justice would result, all of which Petitioner failed to establish.
28 (*See* Denial at 28-31.)  Second, Petitioner fails to show that jurists of reason would find it

1  debatable that the Petition states a valid claim of the denial of a constitutional right. *Slack*, 529
2  U.S. at 484.  Therefore, the court **DENIES** Petitioner's Petitioner's request for a certificate of
3  appealability with regard to this claim.

**IV.  Motion for Leave to Proceed in Forma Pauperis**

Petitioner, a state prisoner proceeding pro se, has submitted a request to proceed in forma pauperis on appeal. *See* 28 U.S.C. § 1915(a)(3); FED.R.APP.P. 24(a).  Petitioner has filed a notice of appeal in this action and a financial affidavit which shows $0.00.  Petitioner cannot afford the $105.00 appellate filing fee.  Thus, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis, certifies that an appeal in this action is taken in good faith, and allows Petitioner to prosecute his appeal of this action as a poor person without being required to prepay fees or costs and without being required to post security.

*Conclusion*

(1) The Court **DENIES** Petitioner's Application for Certificate of Appealability on all claims; and (2) The Court **GRANTS** Petitioner's Motion for Leave to Appeal in Forma Pauperis.

**IT IS SO ORDERED.**

DATED: June 12, 2009

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:  Magistrate Judge Porter
     All Counsel of Record